UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOSEPH D. REED, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | Case No. 1:13-cv-1282-TWP-MJD |
| | ) | |
| STANLEY KNIGHT, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

The action is poised for review pursuant to Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993).

Petitioner Reed has now supplemented his petition for a writ of habeas corpus as directed. He has done so by submitting a copy of the chronological case summary for the criminal action which resulted in his probation being revoked. The criminal action identified in the habeas petition was entered in the Marion Superior Court in No. 49G20-9607-CF-104445. The chronological case summary shows that his probation was revoked on September 12, 2013, after an evidentiary hearing at which Reed was present and was represented by counsel. In Reed's supplement, he explained that he is currently appealing that determination within the Indiana court system.

A habeas petitioner such as Reed must give the state court a meaningful opportunity to consider the substance of the claims later presented in federal court. *Id.* Stated otherwise, "[a] state prisoner . . . may obtain federal habeas review of his claim only if he has exhausted his state remedies and avoided procedurally defaulting his claim." *Thomas v. McCaughtry,* 201 F.3d 995, 999 (7th Cir. 2000). It was noted by the Supreme Court that:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U. S. C. §2254(b)(1), thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U. S. 364, 365 (1995) *(per curiam)* (quoting *Picard v. Connor*, 404 U. S. 270, 275 (1971) (citation omitted)). To provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. *Duncan*, *supra*, at 365-366; *O'Sullivan v. Boerckel*, 526 U. S. 838, 845 (1999).

*Baldwin v. Reese,* 124 S. Ct. 1347, 1349 (2004).

Reed's pending appeal from the revocation determination constitutes an available state court remedy, and Reed has not identified any circumstances from which it could be concluded that exhaustion of state court remedies should be excused.

The only manner in which this purpose can be recognized is to dismiss Reed's petition in this court and permit him to proceed, if he elects to do so, in the Indiana state courts.

Because Reed is not entitled to the relief he seeks at this time and in this forum, the action is **dismissed.** The dismissal shall be without prejudice. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 03/05/2014

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Joseph D. Reed
No. 984710
Putnamville Correctional Facility
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135