# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOSEPH D. REED, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | Case No. 1:13-cv-1282-TWP-MJD |
| | ) | |
| STANLEY KNIGHT, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Denying Motion to Amend Petition for a Writ of Habeas Corpus**

Presently pending before the Court is Petitioner Joseph Reed's motion to amend his petition for a writ of habeas corpus. (Dkt. 21). Mr. Reed filed a petition for a writ of habeas corpus with this Court on August 12, 2013. The Court dismissed this action without prejudice on March 5, 2014, because Mr. Reed had failed to exhaust his state court remedies. The Court entered final judgment on that date. Mr. Reed filed the instant motion to amend his petition for a writ of habeas corpus on February 27, 2015, fifty-one weeks after the entry of final judgment.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Reed's post-judgment motion was filed more than 28 calendar days after the entry of judgment, and therefore must be treated as a motion for relief from judgment pursuant to Rule 60(b) of the *Federal Rules of Civil Procedure*. *See Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994) (citing *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992)). Based on the foregoing, and despite the label it has been given, the motion to amend the petition for a writ of habeas corpus must be treated as a motion for relief from judgment pursuant to Rule 60(b).

Mr. Reed cannot use a Rule 60(b) motion to reinstate his case when, as here, a case is dismissed without prejudice. Instead, "after a dismissal without prejudice, the plaintiff can resurrect his lawsuit only by filing a new complaint." *U.S. v. Ligas*, 549 F.3d 497, 503 (7th Cir. 2008) (noting that "[t]here is a difference between dismissing a suit without prejudice and dismissing a suit with leave to reinstate"). Accordingly, Mr. Reed's motion to amend his petition for a writ of habeas corpus (Dkt. 21), treated as a motion for relief from judgment, is **denied**.

**IT IS SO ORDERED.**

Date: 3/11/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JOSEPH D. REED
984710
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135